# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2021

Lyle W. Cayce
Clerk

No. 19-40135
Summary Calendar

Darrell Ingram,

*Plaintiff—Appellant*,

*versus*

Melanie Alvarado; Stephen Martin,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:17-CV-32

_____

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.

Per Curiam:*

Darrell Ingram, Texas prisoner # 807074, appeals the dismissal of his 42 U.S.C. § 1983 complaint under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. Ingram argues that he alleged sufficient facts to state a claim of deliberate

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

indifference to his serious medical needs.  Specifically, Ingram contends that he alleged that he was swollen and that his condition was deteriorating.  He argues that his kidney failure was the result of Melanie Alvarado failing to attribute his condition to the medication prescribed.  He also contends that Stephen Martin incorrectly told him that the pain he was experiencing was the result of a strained muscle.

We review de novo the district court's dismissal.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  At most, Ingram's claims regarding Alvarado's actions in prescribing medication and Martin's actions in attributing his pain to a strained muscle amounted to allegations of negligence or medical malpractice, and such allegations do not establish a claim of deliberate indifference.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Accordingly, the district court's judgment is AFFIRMED.  The dismissal of his complaint by the district court counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015).  Ingram is WARNED that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).